EXHIBIT
F

**Scurry County**
**Melody Appleton**
**Scurry County Clerk**
**Snyder, Tx 79549**

70 2015 20153123

**Instrument Number: 2015-20153123**

As
**Recordings**

**Recorded On: October 01, 2015**

**Parties: ROLAND TINA D**

To **ROLAND ROBERT E JR**

**Billable Pages: 27**

**Number of Pages: 28**

**Comment: FINAL DECREE OF DIVORCE**

( Parties listed above are for Clerks reference only )

**** THIS IS NOT A BILL ****

| | |
|---|---|
| Recordings | 130.00 |
| **Total Recording:** | **130.00** |

************ **DO NOT REMOVE. THIS PAGE IS PART OF THE INSTRUMENT** ************

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY because of color or race is invalid and unenforceable under federal law.

**File Information:**

Document Number: 2015-20153123
Receipt Number: 101223
Recorded Date/Time: October 01, 2015 08:50:47A
Book-Vol/Pg: BK-OR VL-865 PG-121
User / Station: S Gregory - SCAN01

**Record and Return To:**

SNYDER ABSTRACT & TITLE 2
P O BOX 69
SNYDER TX 79550-0069

THE STATE OF TEXAS

**State of Texas**
**County of Scurry**
I here by certify that this instrument was filed for record in my office on the date and time stamped hereon and was recorded on the volume and page of the named records of Scurry County, Texas

Melody Appleton

Melody Appleton, County Clerk

PLS000205

Copy from re:SearchTX

20153123

OR 00865 00122

NO. 25240

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE OF | § | IN THE DISTRICT COURT |
| | § | |
| TINA D. ROLAND AND ROBERT E. ROLAND, JR | § | 132ND JUDICIAL DISTRICT |
| | § | SCURRY COUNTY, TEXAS |

**AGREED FINAL DECREE OF DIVORCE**

On July 27, 2015 the Court heard this case.

*Appearances*

Petitioner, **TINA D. ROLAND,** appeared in person and through attorney of record, Kenneth L. Maxwell, Jr., and announced in open court that the parties had reached an agreement to the terms and conditions of this Agreed Final Decree of Divorce as evidenced by Petitioner's signature below.

Respondent, **ROBERT E. ROLAND, JR,** appeared in person and through attorney of record, Jeanie R. Fuller, and announced in open court that the parties had reached an agreement to the terms and conditions of this Agreed Final Decree of Divorce as evidenced by Respondent's signature below.

*Record*

The record of testimony was duly reported by the court reporter for the 132nd Judicial District Court.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE

PLS000206

Copy from re:SearchTX

The Court further finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

***Jury***

A jury was waived, and questions of fact and of law were submitted to the Court.

**Agreement of Parties**

The Court finds that the parties have entered into a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance. To the extent permitted by law, the parties stipulate the agreement is enforceable as a contract. The Court approves the agreement of the parties as contained in this Final Decree of Divorce.

***Divorce***

**IT IS ORDERED AND DECREED** that **TINA D. ROLAND**, Petitioner, and **ROBERT E. ROLAND, JR**, Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability.

***Child of the Marriage***

The Court finds that there is no child of the marriage of Petitioner and Respondent now under eighteen years of age or otherwise entitled to support and that none is expected.

***Division of Marital Estate***

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party.



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE



Copy from re:SearchTX

20153123

OR 00865 00124

Property to Husband

**IT IS ORDERED AND DECREED** that the husband, **ROBERT E. ROLAND, JR**, is awarded the following as his sole and separate property, and the wife is divested of all right, title, interest, and claim in and to that property:

H-1. The following real property, including but not limited to any escrow funds, prepaid insurance, utility deposits, keys, house plans, home security access and code, garage door opener, warranties and service contracts, and title and closing documents:

**(1) Field notes of 0.63 acre of land, being out of the J. Holleman Survey No. 306, which is above the 2008' elevation contour at Oak Creek Lake.**
**Being at a 3/8" rebar set on the 2008' elevation contour for the Southeast corner of this tract. Said point bears 1190.4' S 61°42' W and 783.4' N 28°18' W from the Southeast corner of said Holleman Survey No. 306.**
**Thence along the 2008' elevation contour with its meanders as follows:**
**N 78°00' W for 29.0' to a 3/8" Rbr**
**N 72°29'20" W for 54.4' to a 3/8" Rbr**
**N 68°58' W for 33.3' to a 3/8" Rbr**
**N 36°23'10" W for 34.4' to a 3/8" Rbr**
**N 6°49'30" W for 38.3' to a 3/8" Rbr**
**Set for the Southeast corner of a 0.20 acre tract and a point on the West line of this tract being on the 2008' elevation contour. From this point the Northwest corner of Mr. Conradts home bears S 79°51'40" E at 61.5'**
**Thence N 5°03'10" E over a small rise for 132.2' to a 3/8" rebar set under a large cedar tree on the 2008' elevation contour for the Northeast corner of said 0.20 acre tract and the Northwest corner of this tract.**
**Thence along the 200' elevation contour with its meanders as follows:**
**S 71°38'20" E for 45.4' to a 3/8" Rbr**
**S 40°21'20" E for 54.8' to a 3/8" Rbr**
**S 69°52'30" E for 57.6' to a 3/8" Rbr**
**S 51°10'20" E for 29.0' to a 3/8" Rbr**
**S 1°15'30" W for 27.3' to a 3/8" Rbr**
**S 21°32'40" E for 31.8' to a 3/8" Rbr**
**S 15°25'50" W for 50.5' to a 3/8" Rbr**
**S 58°47'20" W for 24.5' to a 3/8" Rbr**
**S 20°31'20" W for 20.9' to the place of beginning and containing 0.63 acres of land more or less.**
**2) Field notes of 0.20 acre of land, being out of the J. Holleman Survey No. 306, which is above the 2008' elevation contour at Oak Creek Lake.**
**Beginning at a 3/8" rebar set on the 2008' elevation contour being on the West line of a 0.63 acre tract for the Southeast corner of this tract. From this point the Northwest corner of Mr. Conradts home bears S 79°51'40" E at**



A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN SCURRY COUNTY DISTRICT CLERK'S OFFICE

FLS000208

Copy from re:SearchTX

OR 00865 00125

**61.5'. This said beginning point bears 1263.0' S 61°42' W and 936.1' N 28°18' W from the Southeast corner of the J. Holleman Survey No. 306.**
**Thence N 51°44'50" W for 110.8' to a ½" rebar set on the 2008' contour elevation for the Southwest corner of the guest house bears West 0.4'.**
**Thence N 14°10'50" W for 44.3' to a ½" rebar set on the 2008' contour elevation for the Northwest corner of this tract.**
**Thence N 79°33'40" E for 111.3' to a 3/8" rebar under a large cedar tree for the Northwest corner of a 0.63 acre tract and the Northeast corner of this tract.**
**Thence S 5°03'10" W across a small rise for 132.2' to the place of beginning and containing a .20 acre of land more or less.**

H-2. The following household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment that are located in the parties lakehouses at Oak Creek Lake:

a. beds
b. tables
c. couches
d. chairs
e. 4 washers
f. 4 dryers
g. tillers
h. mowers
i. all lawn equipment
j. pressure washers and sprayers
k. tools
l. fishing equipment
m. musical equipment
n. one-half of the dishes, cookware and utensils

H-3. All clothing, jewelry, and other personal effects in the possession of the husband or subject to his sole control.

H-4. All sums of cash in the possession of the husband or subject to his sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the husband's sole name or from which the husband has the sole right to withdraw funds or which are subject to the husband's sole control.

H-5. The following policies of insurance insuring the husband's life: State Farm, policy number 40098617 and Phoenix Life Insurance, policy number 40096049; provided that Husband will execute an assignment of life insurance proceeds or a designation of beneficiary naming Wife beneficiary of $100,000.00 of the life insurance proceeds of policy number 40098617 until the alimony payments provided herein have all been made by Husband.



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE

PLS000209

Copy from re:SearchTX

OR 00865 001 26

H-6. The 2015 Chevrolet Pickup motor vehicle, vehicle identification number__________________, together with all prepaid insurance, keys, and title documents.

H-7. The 2008 Suzuki SX4 motor vehicle, vehicle identification number__________________, together with all prepaid insurance, keys, and title documents.

H-8. The 1996 Ranger Bass Boat, together with all prepaid insurance, keys, and title documents.

H-9. The EZ Go Golf Cart motor vehicle, together with all prepaid insurance, keys, and title documents.

H-10. The Jet Ski, together with all prepaid insurance, keys, and title documents.

H-11. All shares of stock owned by the parties in the business known as TDR Services Inc, including but not limited to all furniture, fixtures, machinery, equipment, inventory, cash, receivables, accounts, goods, and supplies; all personal property used in connection with the operation of the business; and all rights and privileges, past, present, or future, arising out of or in connection with the operation of the business.

H-12. All certificates of ownership in the business known as III Global, LLC, including but not limited to all furniture, fixtures, machinery, equipment, inventory, cash, receivables, accounts, goods, and supplies; all personal property used in connection with the operation of the business; and all rights and privileges, past, present, or future, arising out of or in connection with the operation of the business.

Property to Wife

**IT IS ORDERED AND DECREED** that the wife, **TINA D. ROLAND**, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property:

W-1. The following real property, including but not limited to any escrow funds, prepaid insurance, utility deposits, keys, house plans, home security access and code, garage door opener, warranties and service contracts, and title and closing documents:

**All of Section No. 53, in Block No. 3, of the H&TC Ry. Co. Survey, Cert. No. 44/5927, Abstract No. 377, Patent No. 514, Volume 106, dated February 9, 1888, Scurry County, Texas, containing 640 acres, more or less.**

**SAVE AND EXCEPT and less the following-described tracts:**



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE



Copy from re:SearchTX

**a. A 5.21 acre tract conveyed to The State of Texas for Highway Right-of-Way by Deed recorded in Volume 76, Page 47, Deed Records, Scurry County, Texas.**

**b. A 4.52 acre tract conveyed to The State of Texas for Highway Right-of-Way by Deed recorded in Volume 76, Page 91, Deed Records, Scurry County, Texas.**

**c. A 4-acre tract along the North side of Section 53 conveyed to the Trustees of the Methodist Episcopal Church South by Warranty Deed dated October 27, 1915, recorded in Volume 36, Page 482, Deed Records, Scurry County, Texas.**

W-2. The following household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment located in the parties' lakehouses at Oak Creek Lake:

a. roll-top desk
b. drafting table
c. all office equipment
d. Trey's chest
e. Mexican furniture
f. Wife's 243 cal. deer rifle
g. Wife's pistol
h. Wife's Uncle's shotgun
i. one-half of the dishes, cookware and utensils

W-3. All clothing, jewelry, and other personal effects in the possession of the wife or subject to her sole control.

W-4. All sums of cash in the possession of the wife or subject to her sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the wife's sole name or from which the wife has the sole right to withdraw funds or which are subject to the wife's sole control.

W-5. The 2013 Chevrolet Avalanche motor vehicle, vehicle identification number 3GNTKGE78DG150484, together with all prepaid insurance, keys, and title documents.

W-6. The Keystone 5th Wheel Travel Trailer, together with all prepaid insurance, keys, and title documents.

W-7. The following livestock:

a. 9 Water Buffalo
b. 20 Zee Boo
c. 1 Horse



A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN SCURRY COUNTY DISTRICT CLERK'S OFFICE



Copy from re:SearchTX

OR 00865 00128

Division of Debt

Debts to Husband

**IT IS ORDERED AND DECREED** that the husband, **ROBERT E. ROLAND, JR,** shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items:

H-1. The balance due, including principal, interest, tax, and insurance escrow, on the promissory note executed by **TINA D. ROLAND** and **ROBERT E. ROLAND, JR**, in the original principal sum of $210,888.45, dated April 16, 2014, payable to First Financial Bank, 201 Elm Street, PO Box 660, Sweetwater, Texas 79556, and secured by deed of trust on the real property awarded in this decree to the husband, which is recorded at volume 271, page 80, Official Public Reords of Coke County, Texas.

H-2. The balance due, including principal, interest, and all other charges, on the promissory note payable to First Financial Bank, 201 Elm Street, PO Box 660, Sweetwater, Texas 79556, and given as part of the purchase price of and secured by a lien on the 2015 Chevrolet Pickup motor vehicle awarded to husband.

H-3. The balance due, including principal, interest, and all other charges, on the promissory note number ending in 4878, executed by TDR Services, Inc., in the original principal sum of $427,814.98 dated October 15, 2010, payable to Texas Savings Bank, SSB, PO Box 830, Snyder, Texas 79549, and secured by personal property collateral and pursuant to an Article 9 filing made with the Texas Secretary of State, together with a Second Lien Deed of Trust filed as Instrument No. 20103614 in the Official Public Records of Scurry County, Texas.

H-4. The balance due, including principal, interest, and all other charges, on the promissory note number ending in 8994, executed by R. Roland and T. Roland, in the original principal sum of $37,400.00 dated January 27, 2007, payable to Texas Savings Bank, SSB, PO Box 830, Snyder, Texas 79549, and secured by a Deed of Trust filed as Instrument No. 20070713 in the Official Public Records of Scurry County, Texas.

H-5. The balance due, including principal, interest, and all other charges, on the promissory note number ending in 1384, executed by R. Roland, in the original principal sum of $200,000.00 dated February 9, 2009, payable to Texas Savings Bank, SSB, PO Box 830, Snyder, Texas 79549, and secured by a Third Lien Deed of Trust filed as Instrument No. 20090597 in the Official Public Records of Scurry County, Texas.

H-6. All debts, charges, liabilities, and other obligations incurred by the husband from and after December 16, 2014 unless express provision is made in this decree to the contrary.



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE

PLS000212

Copy from re:SearchTX

OR 00865 00129

H-7. All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to the husband in this decree unless express provision is made in this decree to the contrary.

Debts to Wife

**IT IS ORDERED AND DECREED** that the wife, **TINA D. ROLAND**, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the husband and his property harmless from any failure to so discharge, these items:

W-1. The balance due, including principal, interest, tax, and insurance escrow, on the promissory note executed by **TINA D. ROLAND** and **ROBERT E. ROLAND, JR**, in the original principal sum of $297,139.00, dated August 3, 2004, payable to Texas Savings Bank, 4500 College Avenue, Snyder, Texas 79549, and secured by deed of trust on the real property awarded in this decree to the wife, which is recorded at volume 555, page 557, Deed of Trust Records of Scurry County, Texas.

W-2. The balance due, including principal, interest, and all other charges, on the promissory note payable to Ally Financial, Payment Processing Center, PO Box 78234, Phoenix, Arizona 85062-8234, and given as part of the purchase price of and secured by a lien on the 2013 Chevrolet Avalanche motor vehicle awarded to wife.

W-3. All debts, charges, liabilities, and other obligations incurred by the husband and the wife from and after Decemnber 16, 2014 unless express provision is made in this decree to the contrary.

W-4. All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to the wife in this decree unless express provision is made in this decree to the contrary.

Provisions Dealing with Notes at First Bank & Trust Company

**IT IS ORDERED** that **ROBERT E. ROLAND, JR.** shall refinance the loans referenced as Loan ending: 4878, Loan ending: 8994 and Loan ending: 1384 in the Forbearance and Change In Terms Agreement executed by and between the parties herein, TDR Servics, Inc. and First Bank of Trust company so that the liens secured by these loans shall be removed as liens on the property awarded to **TINA D. ROLAND** in W-1 above, paying all closing costs, including but not limited to inspections and appraisals associated with the refinancing, and complete the



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE

PLS000213

Copy from re:SearchTX

OR 00865 00130

closing no later than August 28, 2015. The Forbearance and Change In Terms Agreement is incorporated herein by reference as if fully set forth at length herein for purposes of this obligation.

Notice

**IT IS ORDERED AND DECREED** that each party shall send to the other party, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

Alimony

1. **Purpose and Intent of Article**

It is the mutual desire of the parties to provide a continuing measure of support for **TINA D. ROLAND**, Receiving Party, after divorce. These support payments undertaken by **ROBERT E. ROLAND, JR.**, Paying Party, are intended to qualify as contractual alimony as that term is defined in Section 71(a) of the Internal Revenue Code of 1986 ("the Code"), as amended, and are intended to be includable in the gross income of **TINA D. ROLAND** under Section 71(a) of the Code and deductible by **ROBERT E. ROLAND, JR.** under Section 215(a) of the Code. All provisions of this article will be interpreted in a manner consistent with that intention.

2. **Terms, Conditions, and Contingencies**

**Amount**— **ROBERT E. ROLAND, JR.** will pay to **TINA D. ROLAND** $3000.00 per month as alimony. These payments will be payable in 61 monthly payments on or before the 1st day of each month, beginning on the 1st day of August, 2015.

**Term**— The payments will end on August 1, 2020, with the last payment being due on August 1, 2020, providing all payments have been made.

**Death of Receiving Party**— The alimony will continue as provided above but will terminate at the death of **TINA D. ROLAND**. There is no liability for **ROBERT E. ROLAND, JR.** to make



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE

PLS000214

Copy from re:SearchTX

any payments for any period after the death of **TINA D. ROLAND**, and there is no liability for **ROBERT E. ROLAND, JR.** to make any payment in cash or property as a substitute for such payments after the death of **TINA D. ROLAND**.

**Claim Against Estate**— If **ROBERT E. ROLAND, JR.** dies before fulfilling the obligations of this article, the remaining obligations under this article will fully bind and be an obligation of the **ROBERT E. ROLAND, JR.'s** estate. The remaining obligation may be discharged by life insurance payable to **TINA D. ROLAND** equal to the sum of the then-remaining alimony payments under this article.

**Payment Procedures**— All alimony payments, except as provided otherwise, will be made by personal check, money order, or cashier's check payable to **TINA D. ROLAND**. All payments sent by mail should be addressed as follows: **TINA D. ROLAND**, P.O. Box 212, Snyder, Texas, 79549, or at such other address of which **TINA D. ROLAND** notifies **ROBERT E. ROLAND, JR.** in writing. Payments will be timely made if deposited in the U.S. mail on or before the date provided for the payment under this article and if delivered to **TINA D. ROLAND** no more than ten days later.

### 3. Intended Tax Impact

In accordance with Section 71 of the Code, all alimony payments made under this article will be includable as income on **TINA D. ROLAND's** income tax returns beginning in calendar year 2015. In addition, those payments will be deductible on **ROBERT E. ROLAND, JR.'s** income tax returns in accordance with Section 215 of the Code beginning in the same calendar year.

All payments made under this article are taxable to **TINA D. ROLAND** and includable in **TINA D. ROLAND's** gross income, and **TINA D. ROLAND** agrees to report them in **TINA D. ROLAND's** federal income tax return and to pay all taxes due thereon. **TINA D. ROLAND**



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE



Copy from re:SearchTX

agrees to furnish written assurance signed by **TINA D. ROLAND** and by any tax return preparer that payments made under this article have been included as income in **TINA D. ROLAND's** federal income tax return for the applicable year. The written assurance will be given at the time the federal income tax return is filed.

**ROBERT E. ROLAND, JR.** will be entitled to deduct all payments from **ROBERT E. ROLAND, JR.**'s federal income tax return.

If **TINA D. ROLAND** fails and refuses to include the alimony payments in **TINA D. ROLAND's** gross income, **ROBERT E. ROLAND, JR.'s** obligation to make the payments will be suspended until all the amounts paid have been included in **TINA D. ROLAND's** gross income, at which time the payments will be resumed and **ROBERT E. ROLAND, JR.** will immediately pay any amounts held in suspense.

4. **Nontransferability**

Neither the agreement to pay alimony nor the right to receive alimony under this article is assignable or transferable.

5. **Default and Acceleration**

**ROBERT E. ROLAND, JR.** agrees that time is of the essence in the payment of the periodic alimony payments. If default is made by **ROBERT E. ROLAND, JR.** in the prompt payment of any periodic amounts due under the terms of this agreement and the default continues for a period of more than thirty (30) days, the entire remaining alimony obligation of **ROBERT E. ROLAND, JR.**, at the option of **TINA D. ROLAND**, will then be accelerated and will become immediately due and payable, together with an amount sufficient to reimburse **TINA D. ROLAND** for any tax and/or penalty resulting from the default by **ROBERT E. ROLAND, JR.**



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE



Copy from re:SearchTX

OR 00865 00133

6. **Approval and Enforcement**

The Court has expressly approved the contractual alimony agreement set out in this Decree and **IT IS ORDERED** that such agreement shall be enforceable pursuant to Section 8.059(a) of the Texas Family Code or any amendment thereto.

Attorney's Fees

To effect an equitable division of the estate of the parties and as a part of the division, each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case.

Liability for Federal Income Taxes for Prior Years

**IT IS THEREFORE ORDERED AND DECREED** that **ROBERT E. ROLAND, JR** shall be solely responsible for all federal income tax liabilities of the parties from the date of marriage through December 31, 2013, and shall timely pay 100 percent of any deficiencies, assessments, penalties, or interest due thereon and shall indemnify and hold **TINA D. ROLAND** and her property harmless from such liabilities unless such additional tax, penalty, and/or interest resulted from **TINA D. ROLAND's** omission of taxable income or claim of erroneous deductions. In such case, the portion of the tax, penalty, and/or interest relating to the omitted income or claims of erroneous deductions shall be paid by **TINA D. ROLAND**. The parties agree that nothing contained herein shall be construed as or is intended as a waiver of any rights that a party has under the "Innocent Spouse" provisions of the Internal Revenue Code.

Treatment/Allocation of Community Income for Prior Year and Year of Divorce

For the purposes of determining income tax liability, the parties agree and hereby partition 100 percent of the income, gain, loss, and deductions attributable to a party from that party's individual labor, that party's individual efforts, or the property awarded in this agreement to that party, as his or her sole and separate property, as if that party had been single and unmarried from January 1, 2014, through the date of divorce. The partition further assigns to a party any exemptions, exclusions, estimated tax payments, and withholdings made by that party



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE



Copy from re:SearchTX

or for his or her benefit from January 1, 2014, through the date of divorce, as if the same were that party's separate property. The parties agree and **IT IS ORDERED AND DECREED** that, for purposes of determining income tax liability, any property awarded to a party in this decree shall be deemed to be partitioned to that party and have been that party's separate property as of January 1, 2014, and thereafter. The parties further agree and **IT IS ORDERED AND DECREED** that any tax payments and any payments that are tax deductible are assigned to the party who made those payments.

**IT IS ORDERED AND DECREED** that for the calendar years 2014 and 2015, each party will file an individual income tax return in accordance with the Internal Revenue Code.

**IT IS ORDERED AND DECREED** that **TINA D. ROLAND** shall report 100 percent of her income, withholding, prepayments, and deductions and none of **ROBERT E. ROLAND, JR**'s income, withholding, prepayments, and deductions. **TINA D. ROLAND** shall be entitled to receive 100 percent of any refund for which she might be entitled on her 2014 and 2015 federal income tax returns. **TINA D. ROLAND** shall pay 100 percent of any liability shown on her 2014 and 2015 federal income tax returns.

**IT IS ORDERED AND DECREED** that **ROBERT E. ROLAND, JR** shall report 100 percent of his income, withholding, prepayments, and deductions and none of **TINA D. ROLAND**'s income, withholding, prepayments, and deductions. **ROBERT E. ROLAND, JR** shall be entitled to receive 100 percent of any refund for which he might be entitled on his 2014 and 2015 federal income tax returns. **ROBERT E. ROLAND, JR** shall pay 100 percent of any liability shown on his 2014 and 2015 federal income tax returns.

**IT IS ORDERED AND DECREED** that for calendar years 2014 and 2015, each party shall indemnify and hold the other party and his or her property harmless from any tax liability associated with the reporting party's individual tax return for that year unless the parties have agreed to allocate their tax liability in a manner different from that reflected on their returns.

**IT IS ORDERED AND DECREED** that each party shall furnish such information to the other party as is requested to prepare federal income tax returns for 2014 and 2015 within thirty



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE



Copy from re:SearchTX

days of receipt of a written request for the information, and in no event shall the available information be exchanged later than March 1, 2015 for the 2014 tax year and March 1, 2016 for the 2015 tax year. As requested information becomes available after that date, it shall be provided within ten days of receipt.

**IT IS ORDERED AND DECREED** that all payments made to the other party in accordance with the allocation provisions for payment of federal income taxes contained in this Final Decree of Divorce are not deemed income to the party receiving those payments but are part of the property division and necessary for a just and right division of the parties' estate.

***Transfer and Delivery of Property***

**TINA D. ROLAND** is **ORDERED** to appear in the law offices of Kenneth L. Maxwell, Jr. at 115 East Third Street, Sweetwater, Texas 79556, on or before October 1, 2015, and to execute, have acknowledged, and deliver to **ROBERT E. ROLAND, JR.** these instruments:

1. Special Warranty Deed; and
2. Deed of Trust to Secure Assumption.

**ROBERT E. ROLAND, JR.** is **ORDERED** to appear in the law offices of Jeanie R. Fuller at 220 Elm, Colorado City, Texas 79512, on or before October 1, 2015 and to execute, have acknowledged, and deliver to **TINA D. ROLAND** these instruments:

1. Deed of Trust to Secure Assumption;
2. Special Warranty Deed;
3. Assignment of Insurance policy documents; and
4. Power of attorney to transfer motor vehicle.

This decree shall serve as a muniment of title to transfer ownership of all property awarded to any party in this Final Decree of Divorce.

***Continuation of Health Insurance***

**IT IS ORDERED** that **ROBERT E. ROLAND, JR.** shall pay all premiums required to maintain health insurance coverage in effect for **TINA D. ROLAND** until August 1, 2020 or **TINA D. ROLAND** obtains a job which provides health insurance coverage, at which time **ROBERT E. ROLAND, JR.** shall be relieved of the obligation to pay the premiums. **ROBERT E. ROLAND, JR.** is also **ORDERED** to furnish to **TINA D. ROLAND** a copy of



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE



Copy from re:SearchTX

20153123

OR 00865 00136

the presently existing health insurance card and any explanation of benefits under the coverage within fifteen days from the signing of this decree.

*Redesignation of Beneficiary*

**ROBERT E. ROLAND, JR.** hereby redesignates **TINA D. ROLAND** as beneficiary of $100,000.00 of the following life insurance policy: State Farm, policy number 40098617 until August 1, 2020.

This decree shall serve as a valid designation of beneficiary under the provisions of the Texas Family Code to acknowledge **TINA D. ROLAND** as beneficiary under the above policy after divorce until August 1, 2020.

*Court Costs*

**IT IS ORDERED AND DECREED** that costs of court are to be borne by the party who incurred them.

*Resolution of Temporary Orders*

**IT IS ORDERED AND DECREED** that Petitioner and Respondent are discharged from all further liabilities and obligations imposed by the temporary order of this Court rendered on May 18, 2015.

*Discharge from Discovery Retention Requirement*

**IT IS ORDERED AND DECREED** that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

*Decree Acknowledgment*

Petitioner, **TINA D. ROLAND**, and Respondent, **ROBERT E. ROLAND, JR**, each acknowledge that before signing this Final Decree of Divorce they have read this Final Decree of Divorce fully and completely, have had the opportunity to ask any questions regarding the same,



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE

PLS000220

Copy from re:SearchTX

and fully understand that the contents of this Final Decree of Divorce constitute a full and complete resolution of this case. Petitioner and Respondent acknowledge that they have voluntarily affixed their signatures to this Final Decree of Divorce, believing this agreement to be a just and right division of the marital debt and assets, and state that they have not signed by virtue of any coercion, any duress, or any agreement other than those specifically set forth in this Final Decree of Divorce.

***Indemnification***

Each party represents and warrants that he or she has not incurred any outstanding debt, obligation, or other liability on which the other party is or may be liable, other than those described in this decree. Each party agrees and **IT IS ORDERED** that if any claim, action, or proceeding is hereafter initiated seeking to hold the party not assuming a debt, an obligation, a liability, an act, or an omission of the other party liable for such debt, obligation, liability, act or omission of the other party, that other party will, at his or her sole expense, defend the party not assuming the debt, obligation, liability, act, or omission of the other party against any such claim or demand, whether or not well founded, and will indemnify the party not assuming the debt, obligation, liability, act, or omission of the other party and hold him or her harmless from all damages resulting from the claim or demand.

Damages, as used in this provision, includes any reasonable loss, cost, expense, penalty, and other damage, including without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity.

**IT IS ORDERED** that the indemnifying party will reimburse the indemnified party, on demand, for any payment made by the indemnified party at any time after the entry of the divorce decree to satisfy any judgment of any court of competent jurisdiction or in accordance



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE



Copy from re:SearchTX

20153123

OR 00865 00138

with a bona fide compromise or settlement of claims, demands, or actions for any damages to which this indemnity relates.

The parties agree and **IT IS ORDERED** that each party will give the other party prompt written notice of any litigation threatened or instituted against either party that might constitute the basis of a claim for indemnity under this decree.

***Clarifying Orders***

Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

***Relief Not Granted***

**IT IS ORDERED AND DECREED** that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

***Date of Judgment***

SIGNED on September 25, 2015.

JUDGE PRESIDING

FILED
2015 SEP 25 PM 3:18
CANDACE JONES
DISTRICT CLERK, SCURRY CO TX
BY ______ DEPUTY

STATE OF TEXAS
COUNTY OF SCURRY
I, Candace Jones, District Clerk in and for the County and State above named, do hereby certify that the within instrument is a true and correct copy of like instrument now on file in my office 30th day of September 2015
Candace Jones, District Clerk
By ______ Dept



PLS000222

Copy from re:SearchTX

20153123

OR 00865 00139

APPROVED AS TO FORM ONLY:

LAW OFFICE OF KENNY MAXWELL, PC
115 East Third Street
Sweetwater, Texas 79556
Tel: (325) 236-6691
Fax: (325) 235-8750

By: ______________________
Kenneth L. Maxwell, Jr.
Attorney for Petitioner
State Bar No. 13251300
kenmaxesq@yahoo.com

REES, REES & FULLER
220 Elm Street
PO Box 1007
Colorado City, Texas 79512
Tel: (325) 728-2635
Fax: (325) 728-3449

By: ______________________
Jeanie R. Fuller
Attorney for Respondent
State Bar No. 24010043
reesreesjfuller@sbcglobal.net

APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:

______________________
Petitioner

______________________
Respondent



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE



Copy from re:SearchTX

20153123

OR 0086500140

# FORBEARANCE AND CHANGE-IN-TERMS AGREEMENT

This Forbearance Agreement (the "Agreement") has been made as of ________________, 20____, by and between TDR SERVICES, INC. ("TDR"), ROBERT ROLAND ("R. Roland"), and TINA ROLAND ("T. Roland"), (TDR, R. Roland and T. Roland may be identified herein either as a "Borrower" or "Guarantor(s)") and TDR, R. Roland and T. Roland are herein collectively referred to as the "Borrowers") on the one hand and FIRST BANK & TRUST COMPANY As Successor-In-Interest To Texas Savings Bank, SSB (" Bank"), whose address is 9816 Slide Rd., Lubbock, Texas 79424.

## RECITALS

A. The Borrower is indebted to the Bank as evidenced by the following:

1. <u>Loan ending: 4878</u> – TDR Services, Inc. – A Promissory Note dated October 15, 2010 by TDR Services, Inc., in the original principal amount of $427,814.98 ("Note 1"). The outstanding principal balance on the Note 1 is $137,967.85, plus interest, attorney's fees, expenses, and late charges due on Note 1 (hereinafter the "Additional Charges"). As April 23, 2015, the outstanding Additional Charges due and owing are $38,658.96. R. Roland guaranteed Note 1. Note 1 is secured by personal property collateral and pursuant to an Article 9 filing made with the Texas Secretary of State, together with a Second Lien Deed of Trust filed as Instrument No. 20103614 in the Official Public Records of Scurry County, Texas. Note 1 has been accelerated by the Bank.

2. <u>Loan ending: 8994</u> - Robert and Tina Roland - A Promissory Note dated January 27, 2007 by R. Roland and T. Roland, in the original principal amount of $37,400.00 ("Note 2"). The outstanding principal balance on the Note 2 is $20,229.81, plus interest, attorney's fees, expenses, and late charges due on Note 2 (hereinafter the "Additional Charges"). As of April 23, 2015, the outstanding Additional Charges due and owing are $743.17. Note 2 is secured by a Deed of Trust filed as Instrument No. 20070713 in the Official Public Records of Scurry County, Texas. There is no current default with respect to Note 2, nor is same currently accelerated.

3. <u>Loan ending: 1384</u> – Robert Roland - A Promissory Note dated February 9, 2009 by R. Roland, in the original principal amount of $200,000.00 ("Note 3"). The outstanding principal balance on the Note 3 is $<u>180,816.43</u>, plus interest, attorney's fees, expenses, and late charges due on Note 3 (hereinafter the "Additional Charges"). As of April 23, 2015, the outstanding Additional Charges due and owing are $5,979.31. Note 3 is secured by a Third Lien Deed of Trust filed as Instrument No. 20090597 in the Official Public Records of Scurry County, Texas. Note 3 has been accelerated by the Bank.

4. <u>Loan ending: 8214</u> – Robert and Tina Roland - A Promissory Note dated August 3, 2004 by R. Roland and T. Roland, in the original principal amount of $297,139.00 ("Note 4"). The outstanding principal balance on the Note 4 is $115,349.45, plus interest, attorney's fees, expenses, and late charges due on Note 4 (hereinafter the "Additional Charges"). As of April 23, 2015, the outstanding Additional Charges due and owing are $4.988.60. Note 4 is secured by a Deed of Trust filed as Instrument No. 20090597 in the Official Public Records of Scurry County, Texas. There is no current default with respect to Note 4, nor is same currently accelerated.

5. <u>Loan ending: 0588</u> – Robert and Tina Roland - A Promissory Note dated April 7, 2008, by R. Roland and T. Roland, in the original principal amount of $60,000.00 ("Note 5"). The outstanding principal balance on the Note 5 is $52,575.92, plus interest, attorney's fees, expenses, and late charges due on Note 5 (hereinafter the "Additional Charges"). As of April 23, 2015, the outstanding Additional Charges due and owing are $1,854.97. Note 5 is secured by a Second Lien Deed of Trust filed as Document No. 20081674 in the Official Public Records of Scurry County, Texas. There is no current default with respect to Note 5, nor is same currently accelerated.

6. <u>Loan ending: 0585</u> – Robert and Tina Roland - A Promissory Note dated April 7, 2008, by R. Roland and T. Roland, in the original principal amount of $240,000.00 ("Note 6"). The outstanding principal balance on the Note 6 is $225,147.72, plus interest, attorney's fees, expenses, and late charges due on Note 6 (hereinafter the "Additional Charges"). As of April 22, 2015, the outstanding Additional Charges due and owing are $_-0-. Note 6 is secured by a Second Lien Deed of Trust filed as Document No. 20081674 in the Official Public Records of Scurry County, Texas. There is no current default with respect to Note 6, nor is same currently accelerated.

Note 1, Note 2, Note 3, Note 4, Note 5, and Note 6 remain due and owing according to their respective terms and as it may pertain to the respective Borrowers thereunder. These Notes together with accompanying security agreements, deeds of trust, guaranty agreements, UCC filings, and any other lien or collateral given by the borrower in conjunction with the promissory notes identified above may hereinafter be referred to collectively as the "Notes" or in the singular as "Note".



A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN SCURRY COUNTY DISTRICT CLERK'S OFFICE
PLS000224

Copy from re:SearchTX

20153123

OR 00865 00141

## TERMS

D. Pursuant to a letter dated November 25, 2014, Bank has accelerated the balance due and owing under Note 1. Moreover, the Borrowers under Note 6 have entered into a contract for the sale of the real property securing this obligation, and it is anticipated that the same will result in a deficiency estimated to be approximately $76,000.00, including the related indebtedness as evidenced by Note 5. The Borrowers have requested the Bank to forbear from taking any action to collect the Notes or exercising any remedies available to it, for a period of one hundred twenty (120) days, and the Bank has agreed to do so pursuant to the terms and conditions set forth in this Agreement. Accordingly, Borrowers, and the Bank agree as follows:

1. **Forbearance:** Subject to the conditions set forth below, in order to provide Borrowers additional time to liquidate the real estate, obtain alternate financing, or otherwise make arrangements to repay the Bank, the Bank will forbear from taking any action to collect the Notes, foreclosing on the collateral pledged to secure the Notes, initiating any proceeding against any guarantor, making any adverse report to any credit reporting bureau or otherwise exercising any of its rights in connection with the Notes including further accelerations for a period of one hundred twenty (120) days from the effective date of this Agreement. This period of time is being provided to Borrowers solely to facilitate Borrowers in taking whatever steps may be necessary to obtain alternate financing or otherwise to repay the Bank in full and in exchange for the consideration provided for herein:

2. The Bank's agreement to forbear is subject to the following terms and conditions:

a. **Event Of Default/Termination:** The Bank's agreement to forbear shall expire immediately upon the earlier of, (i) the occurrence of an uncured default by any Borrowers under this Agreement, or under the Notes, or under any document, instrument or agreement governing, evidencing or securing the Notes, or (ii) an uncured default in Borrowers' obligations to make payments as set further in paragraph 3(b) below. It is agreed by Borrowers that all payments on the Notes will be made when due in accordance with the terms and conditions set forth in the Notes. Upon giving notice of default and following the expiration of the cure period, the Bank may thereafter take any and all action permitted by the documents evidencing, governing and securing the Notes or by law that the Bank deems necessary or appropriate to collect such indebtedness and to enforce its rights under the deeds of trust, security agreement(s) and any other instruments securing the indebtedness, and the forbearance called for herein shall expire.

X1. **Notice of Default:** Should Bank deem that a default has occurred under the terms of this Agreement or otherwise under the terms of any Note or Notes, Bank shall provide written notice of the default to Borrowers and Guarantors describing both the event of default and action needed to cure the same (the "Notice"). Upon receipt of such notice, the Borrowers and Guarantors shall have a period of ten (10) days from the date of the receipt of the notice to cure such default by appropriately remedying and curing such default or defaults as specified by the Notice. For purposes of this paragraph, the Notice shall be deemed received two (2) days following the date when said notice is deposited in a prepaid envelope, properly addressed to such debtor at the most recent address as shown by the records of Bank, in a Post Office or official depository under the care and custody of the United States Postal Service.

Y1. **Notices To Tina L. Roland:** All notices to be dispatched to Tina L. Roland under the terms and conditions of this Agreement or under the Notes shall be given in the following manner and at the following address:

Tina L. Roland
P.O. Box 212
Snyder, Texas 79550

*With mandatory copy to*

Andrew R. Seger
The Seger Firm, P.C.
P.O. Box 98433
Lubbock, Texas 79414
Facsimile: (806) 792-2135
E-mail: [illegible]

Robert Roland
P.O. Box 390



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE

FLS000225

Copy from re:SearchTX

20153123

O R 0 0 8 6 5 0 0 1 4 2

Snyder TX 79550

TDR Services, Inc.
P.O. Box 390
Snyder TX 79550

*With mandatory copy to*

Max R. Tarbox
Tarbox Law, P.C.
2301 Broadway
Lubbock, Texas 79401
E-mail: max@tarboxlaw.com

X2. **Right Of Tina L. Roland And/Or Designee To Purchase Notes And Accompanying Documents:** At any time following the tender of a Notice of default, Borrowers agree that Tina L. Roland (or an entity designated by Tina L. Roland for this purpose) shall have the right to purchase all, but not less than all, of the Notes from Bank at a purchase price equal to the amount then owing under the Notes (inclusive of principal, accrued interest, and all reasonable costs and expenses incurred by Bank by reason of any event of default by the default specified in the Notice) (hereinafter the **"Purchase Price"**). In such case, Bank agrees that upon the payment of the Purchase Price by Tina L. Roland in immediately available funds, Bank will transfer and assign to Tina L. Roland (or to any person or entity designated by Tina L. Roland), without recourse or warranty, the Notes together with all loan agreements, all supporting guaranties, liens and security agreements securing the same. Upon her tendering of a written notice of her intent to exercise this right, Tina L. Roland shall have seven (7) days to tender the Purchase Price to Bank. Bank agrees to provide Tina L. Roland with copies of any notices of default, acceleration, intent to foreclose furnished to any borrower pursuant to the Notes and this Agreement.

b. **$75,000.00 Cure Payment:** Pursuant to this Agreement, TDR agrees to pay $75,000.00 upon execution of this Agreement which shall be applied first to cure any defaults existing as to any of the Notes prior to the Effective Date of this Agreement, and thereafter the remaining funds shall be applied to delinquent interest, current interest owing, late charges, fees, and expenses, and the principal on the Notes. Subject to the terms and conditions set forth herein, it is expressly agreed and understood that this payment shall cure all outstanding defaults currently existing as of the date of this Agreement on any of the Notes.

X1. **Reinstatement Of Notes/Change In Terms:** Upon receipt of this payment, Bank shall immediately reinstate Note 1 together with any other Note that has been accelerated by Bank (the "Reinstated Notes"). Notwithstanding anything herein to the contrary, the Parties hereto agree that the amortization of any Reinstated Notes and the monthly payment amount shall remain the same, but the maturity date of said Reinstated Notes shall be amended and shortened to fall on the next business day following the expiration of the 120 day forbearance period. Following the Effective Date of this Agreement, the payment date for all Notes shall be changed to fall on the Fifteenth (15th) Day of each month.

X2. **Rescission Of Posted Foreclosure:** Bank hereby rescind the Notice of Foreclose together with the Appointment of Substitute Trustee..

c. **Sale Of Tabosa Property:** Robert Roland and Tina Ronald are currently under contract for the sale of the real property and improvements that secure Note 6 (the **"Tabosa Property"**). It is anticipated that after costs the sale will net the amount of $209,000.00, thereby leaving a deficiency of some $76,000.00 due and owing under Notes 5 and 6. The Parties agree that all net proceeds derived from any sale of the Tabosa Property will be immediately payable to Bank at closing. Upon receipt of certified funds or upon tender of such certified funds to Snyder Abstract, Bank (either acting for itself or through its wholly owned subsidiary, Primewest Mortgage Corporation) agrees to release any liens held against the Tabosa Property in conjunction with the closing.

X1. **Deficiency Write Down:** The Bank agrees to reduce the outstanding principal balance amount due and owing on Note 5 by $38,000.00. After applying said reduction, one-half of the remaining deficiency under Notes 5 and 6 will be refinanced, with said indebtedness to be evidenced by one new note from Bank to T. Roland, . Such note will be signed by Tina L. Roland and shall be secured by all property secured under Note 4. T. Roland shall execute all customary documents required by Bank to give effect to this provision including but not limited to a



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE



Copy from re:SearchTX

OR 0865 0143

Note and Deed of Trust on the Bank's Standard Form, provided that said Standard Forms contain terms no less favorable than those under Note 5, and further provided that said Note shall require payments of interest only, with a final balloon payment due at maturity. The other one-half of the deficiency after the sale of the Tabosa property will be paid from the $75,000.00 payment set forth in B.2.b herein above. Said note shall bear interest at a rate of eight (8) percent per annum, shall have no prepayment penalties, and shall mature on the first business day following the expiration of the forbearance period and otherwise have terms comparable to those contained within Note 5. It is hereby acknowledged that the reduction called for herein has been agreed to by Borrowers and Bank in settlement of claims made against Bank by Borrowers related to alleged violations(s) of Bank relating to contracts and/or agreements between Bank and Borrowers, including 1.) claims made by Borrowers against Bank relating to insider loan transactions between Texas Savings Bank, SSB and any officer or employee of Texas Savings Bank, SSB; 2.) any alleged conduct on the part of Texas Savings Bank, SSB relating to Borrowers purchase of property belonging to officers or employees of Texas Savings Bank, SSB; 3.) any alleged fraudulent representations made by Texas Savings Bank, SSB to Borrowers or contained within any loan documents; 4.) claims or alleged acts of fraud and/or non-disclosure on the part of Texas Savings Bank, SSB; 5.) claims relating to wrongful disposition or application of loan payments; 6.) alleged acts or conduct of Jeffrey K. Martin with respect to the banking relationship of Borrowers; and/or 7.) any violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et. Seq. (collectively "Borrowers Claims"). In executing this Agreement, the Parties agree that the reduction set forth herein shall not be considered or construed as an admission of liability, wrongdoing or fault of any kind by the Bank, and the Bank expressly denies any liability, responsibility and the allegations, but that this settlement is made in order to compromise disputed claims and make peace, realizing that the issues involved are denied, disputed, and in controversy.

d. [Intentionally Deleted]

e. Borrowers shall have returned fully executed originals of this Agreement to the Bank on or before ____________, 2015. The Bank's Agreement to forbear is expressly conditioned upon the receipt of a fully executed original of this Agreement and shall be signed by Borrowers in their individual and representative capacities on or before ____________, 2015, and in the event the Borrowers or any one of them fail to execute this Agreement and tender the same to the Bank by ____________, 2015, this Agreement and the Bank's agreement to forbear shall be null and void and the Bank shall be entitled to immediately exercise all rights and remedies available to it.

C. Release

1. **Release relating to Forbearance.** IN CONSIDERATION OF THE BANK'S AGREEMENT TO FORBEAR FROM EXERCISING ITS RIGHTS AT THIS TIME TOGETHER WITH THE OTHER TERMS, PROMISES AND COVENANTS UNDERTAKEN BY BANK HEREIN, BORROWERS, FOR AND ON BEHALF OF THEMSELVES, THEIR OFFICERS, AGENTS HEIRS, INSURERS, SUCCESSORS AND ASSIGNS, AND ALL PERSONS CLAIMING BY, THROUGH OR UNDER THEM, DO HEREBY FULLY AND FOREVER RELEASE, ACQUIT AND FOREVER DISCHARGE THE BANK, THEIR OFFICERS, AGENTS, INSURERS, SUCCESSORS, ATTORNEYS, AND ASSIGNS, OF AN FROM, ANY AND ALL MANNER OF ACTION OR ACTION, SUITS, CLAIMS, DAMAGES, JUDGMENTS, LEVIES AND EXECUTIONS, INCLUDING, WITHOUT LIMITATION, ATTORNEYS FEES IN LAW OR IN EQUITY, WHETHER KNOWN OR UNKNOWN, LIQUIDATED OR UNLIQUIDATED, FIXED, CONTINGENT, DIRECT, OR INDIRECT, WHICH SAID PARTIES HAVE, EVER HAD, OR MAY HAVE OR CLAIM TO HAVE, AGAINST THE BANK, THEIR OFFICERS, AGENTS, INSURERS, SUCCESSORS, ATTORNEYS, AND ASSIGNS FOR, UPON OR BY REASON OF ANY MATTER, ACT OR THING PRIOR TO THE DATE OF THIS AGREEMENT IN CONNECTION WITH ANY OF THE NOTE(S) OR IN THE MAKING OR THE ADMINISTRATION ANY OF THE NOTE(S) ALONG WITH ANY LOAN DOCUMENTS RELATED TO THE NOTE(S), ANY OTHER LOANS, ACCOUNTS, OR ANY FORECLOSURE, SALE, DISPOSITION, AND/OR LIQUIDATION OF ANY COLLATERAL, PROVIDED HOWEVER THAT THIS RELEASE SHALL NOT EXTEND, ENCOMPASS OR EMBRACE ACTS, CLAIMS OR CONDUCT OCCURRING SUBSEQUENT TO THE DATE OF THE MAKING OF THIS AGREEMENT.

2. **Release relating to Section 2.c.X1.** IN CONSIDERATION OF THE REDUCTION OF THE AMOUNT SET FORTH IN 2.C.X1 HEREIN ABOVE TOGETHER WITH THE OTHER TERMS, PROMISES AND COVENANTS UNDERTAKEN BY BANK HEREIN, BORROWERS, FOR AND ON BEHALF OF THEMSELVES, THEIR OFFICERS, AGENTS HEIRS, INSURERS, SUCCESSORS AND ASSIGNS, AND ALL PERSONS CLAIMING BY, THROUGH OR UNDER THEM, DO HEREBY FULLY AND FOREVER RELEASE, ACQUIT AND FOREVER DISCHARGE THE BANK, THEIR OFFICERS, AGENTS, INSURERS, SUCCESSORS, ATTORNEYS, AND ASSIGNS, OF AN FROM, ANY AND ALL MANNER OF ACTION OR ACTION, SUITS, CLAIMS, DAMAGES, JUDGMENTS, LEVIES AND EXECUTIONS,



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE



Copy from re:SearchTX

20153123

OR 0 0 8 6 5 0 0 1 4 4

INCLUDING, WITHOUT LIMITATION, ATTORNEYS FEES IN LAW OR IN EQUITY, WHETHER KNOWN OR UNKNOWN, LIQUIDATED OR UNLIQUIDATED, FIXED, CONTINGENT, DIRECT, OR INDIRECT, WHICH SAID PARTIES HAVE, EVER HAD, OR MAY HAVE OR CLAIM TO HAVE, AGAINST THE BANK, THEIR OFFICERS, AGENTS, INSURERS, SUCCESSORS, ATTORNEYS, AND ASSIGNS FOR UPON OR BY REASON OF ANY MATTER, ACT OR THING PRIOR TO THE DATE OF THIS AGREEMENT IN CONNECTION WITH ANY OF THE NOTE(S) OR IN THE MAKING OR THE ADMINISTRATION ANY OF THE NOTE(S) ALONG WITH ANY LOAN DOCUMENTS RELATED TO THE NOTE(S), ANY OTHER LOANS, ACCOUNTS, OR ANY FORECLOSURE, SALE, DISPOSITION, AND/OR LIQUIDATION OF ANY COLLATERAL THIS RELEASE SHALL EXTENTD TO ALL SUCH MATTERS, ACTS, AND THINGS, INCLUDING BUT NOT LIMITED TO THE BORROWERS CLAIMS, PROVIDED HOWEVER THAT THIS RELEASE SHALL NOT EXTEND, ENCOMPASS OR EMBRACE ACTS, CLAIMS OR CONDUCT OCCURRING SUBSEQUENT TO THE DATE OF THE MAKING OF THIS AGREEMENT.

Miscellaneous

1. Except for the matters specifically set forth herein, this Agreement does not alter, amend, modify or release any right of the Bank or any obligations of Borrower in connection with the Loans as represented by the Note(s) and other loan documents; and any other accounting obligation of any Borrower. By execution of this Agreement, and except as otherwise provided herein, the Bank is not waiving any principal, interest, costs or attorneys fees or any other amounts payable under the documents governing, evidencing or securing the Note(s) and other sums due Bank. Moreover, nothing herein shall be deemed or construed as an undertaking or agreement on the part of any Borrower or Guarantor to assume liability or responsibility for any Note or Notes for which he, she and/or it, had not been party to prior to the execution of this Agreement, nor shall this Agreement deemed to constitute, comprise or effect any agreement to cross-collateralize any property pledged to secure any Note with any other Note or Notes for which said property was not heretofore pledged.

2. **THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.** This Agreement may not be amended or modified orally, but only by a written agreement executed by the Borrower and the Bank and designated as an amendment or modification of this Agreement.

3. This Agreement shall be governed by, and construed and interpreted in accordance with, the law of the State of Texas. Venue, if any action shall be exclusively in Scurry County, Texas.

4. This Agreement many be executed in any number of counterparts, and all counterparts taken together shall constitute single executed agreement.

5. This Agreement may be delivered in the form of a facsimile copy, subsequently confirmed by delivery of the original executed document.

6. If any provision of this Agreement shall prove to be illegal, invalid or unenforceable, the remainder of this Agreement shall not be affected thereby and shall continue to be valid and enforceable.

7. The parties warrant that they are duly authorized to executed, deliver and perform their obligations under this Agreement.

8. This Agreement is entered into by Borrowers without reliance on any promise or representation, written or oral, of Bank or anyone acting on behalf of Bank, other than those expressly contained herein, and it supersedes any other such promises, warranties or representations.

9. It is hereby acknowledged that Trey Roland shall be allowed, in all things, to act on behalf of TDR related to the Notes, and Bank shall be allowed to rely upon this statement as conclusive evidence of such authority and Bank need not look at any other evidence or require joinder of any other party, except that Trey Roland shall not have the authority to renew, extend or modify any of the Notes other than as set forth herein without the consent of all parties. It is further acknowledged that pursuant to the Durable Power of Attorney For Financial Management attached hereto as Exhibit "A", that Trey Roland shall have all authority to act on behalf of Robert Roland and as provided for therein, and that Bank may rely upon said Durable Power of Attorney as conclusive evidence of the authority of Trey Roland to act on behalf of Robert Roland.

10. Borrowers shall pay Bank the sum of $7,000.00 related to attorney's fees incurred in this matter, which amount shall be paid out of the $75,000.00 cure payment set forth in B.2.b. above.



A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN SCURRY COUNTY DISTRICT CLERK'S OFFICE

PLS000228

Copy from re:SearchTX

20153123

OR 00865 00145

If the foregoing correctly sets forth our understanding, please sign the Agreement in the space(s) set forth below and return one fully executed copy to me, at which time this will constitute a binding agreement between the Borrower, Guarantors and the Bank.

EXECUTED TO BE EFFECTIVE: ______________________, 2015.

**AGREED:** LENDER:

**FIRST BANK & TRUST COMPANY, NATIONAL ASSOCIATION**

BY: ______________________
PRINTED NAME: Greg Garland
TITLE: President



A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN SCURRY COUNTY DISTRICT CLERK'S OFFICE

PLS000229

Copy from re:SearchTX

20153123

OR 00865 00146

**BORROWER(S) and GUARANTOR(S) SIGNATURE PAGE:**

**BORROWERS:**

**TDR SERVICES, INC.**

By: x [signature] President & CEO
Robert Roland, President

and

By: [signature]
Trey Roland, As (Title): Vice President

**BORROWERS:**

x [signature]
Robert Roland, Individually

________________________
Tina Roland, Individually

**GUARANTOR:**

x [signature]
Robert Roland, Individually



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE

PLS000230

Copy from re:SearchTX

20153123

**BORROWER(S) and GUARANTOR(S) SIGNATURE PAGE:**

O R 0 0 8 6 5 0 0 1 4 7

**BORROWERS:**

**TDR SERVICES, INC.**

By:______________________________
Robert Roland, President

and

By:______________________________
Trey Roland, As (Title): __________________

**BORROWERS:**

______________________________
Robert Roland, Individually

Tina D. Roland
Tina Roland, Individually

**GUARANTOR:**

______________________________
Robert Roland, Individually



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE

PLS000231

Copy from re:SearchTX

20153123

O R 0 0 8 6 5 0 0 1 4 8

# EXHIBIT "A"

**Durable Power Of Attorney For Financial Management Dated March 6, 2015 given by Robert E. Roland, II and in favor of Robert E. Roland III and filed in the Official Public Records of Howard County under instrument No. 2015-00001529**



A TRUE AND CORRECT
COPY OF ORIGINAL INSTRUMENT
AS FILED IN SCURRY COUNTY
DISTRICT CLERK'S OFFICE



Copy from re:SearchTX